UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLETUS KING, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-4451** |
| **AMERICAS INSURANCE COMPANY** | **SECTION: "A" (4)** |

## ORDER

Before the Court are three motions. Defendant filed a **Motion to Quash Deposition and Subpoena of William Janowsky, Jr., P.E. of U.S. Forensic, LLC and/or U.S. Forensic, LLC (R. Doc. 15)** seeking an Order to quash or limit the scope of a Notice of Deposition and subpoena to produce documents issued to William Janowsky who is Defendant's expert. The motion is opposed. R. Doc. 14.

Defendant also filed a **Motion for Protective Order to Quash or Limit the Scope of 30(b)(6) Deposition of Americas Insurance Company (R. Doc. 9)** seeking an Order to quash or limit topics in a Notice of 30(b)(6) Deposition issued by Plaintiffs. R. Doc. 9, p. 1. Defendant also seeks attorney's fees for costs incurred filing the motion. R. Doc. 9-1, p. 7.

Plaintiffs filed a **Motion to Compel Answers to Interrogatories and Request for Production of Documents (R. Doc. 12)**[1] seeking an Order to compel Defendant to respond fully to its Interrogatories and Requests for Production of Documents. Both parties request attorney's fees for the motion to compel. The motions were heard by oral argument on April 20, 2016.

**I.    Background**

This is a diversity action wherein a tree fell on the residential home of Cletus and Martha King. R. Doc. 1-5, p. 1. Plaintiffs' property was insured under a homeowner's policy issued by

---

[1]The motion for protective order and the motion to compel are interrelated as Plaintiffs' discovery requests seeks the same information as its contested 30(b)(6) notice which was the subject Defendant's Motion for Protective Order  (R. Doc. 9).

Americas Insurance Company ("Americas" or "Defendant") who adjusted the property and issued payment of $26,311.34. Plaintiffs allege that Americas failed to properly adjust the home and that additional money is owed for structural damage caused by the fallen tree. *Id.* Defendant denied recovery for structural damages based on the policy's "Earth Movement" exclusion. *Id.* at 2. Plaintiffs assert claims for a breach of the duty of good faith and for acting arbitrarily and capriciously in adjusting and appraising the claim.

## II.     Motion to Quash Deposition and Subpoena of William Janowsky, JR., P.E. of U.S. Forensic, LLC and/or U.S. forensic, LLC (R. Doc. 15)

Defendant contends that a deposition notice and a subpoena to produce documents issued to its expert, William Janowsky, should be quashed or limited. Janowsky is an engineer that was hired to inspect the home and the cracked foundation to determine the extent of the loss. R. Doc. 15-2, p. 2. In particular, Defendant contends that the request for reports prepared by Janowsky for Americas for the past five years concerning residential foundations claims and/or where the damage were alleged to be caused by earth movements is overly broad and unduly burdensome given that this matter involves a single incident. *Id.* at 6. Further, Defendant argues that Plaintiffs do not allege that Defendant engaged in a company-wide conspiracy based on its pattern and practice to deny coverage for similar type of claims such that the request for prior reports for the last five years is irrelevant. *Id.* at 8.

In response, Plaintiffs maintain that the request is relevant to their claim that Defendant acted in bad faith in denying recovery for the damaged foundation. Plaintiffs state that Janowsky determined that the fallen tree did not damage the foundation and that any structural damage occurred prior to the subject incident. Plaintiffs argue that the cracked foundation did not pre-exist the incident as shown by photographs that were taken immediately prior to the incident. R. Doc. 17, p. 3. Because Defendant relied upon Janowsky's opinion to deny Plaintiffs' claim under the

"earth movement" exclusion, Plaintiffs argue that they are entitled to his prior reports involving similar claims.

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* at 45(c)(1). A motion for a subpoena must be quashed or modified where, inter alia, the subpoena "(i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *Id.* at 45(c)(3)(A). A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated." *Id.* at 45(c)(3)(C).

During oral argument, counsel for Defendant reiterated that the subpoena is overbroad given that the matter involves an isolated incident arising out of a fallen tree. Plaintiffs' counsel stated that the issue is whether a crack in the foundation was caused by differential movement prior to the loss or by the fallen tree. Counsel stated that his expert has concluded that the tree caused the crack. After listening to the position of each party, the Court held that the subpoena constitutes a fishing expedition as Plaintiffs have the report of their expert and the supporting documentation to support their position that the cracked foundation was caused by impact from the fallen tree. Accordingly, the motion to quash is granted.

### III. Motion for Protective Order to Quash or Limit the Scope of 30(b)(6) Deposition of Americas Insurance Company (R. Doc. 9)

Plaintiffs' Notice of 30(b)(6) Deposition includes 37 topics which Defendant argues should be limited to matters that are specific to the isolated fallen tree incident and whether they received fair compensation. R. Doc. 9-1, p. 7-9. Defendant argues that the proposed topics are overly broad,

3

do not specify a temporal limitation, are intended to harass, are subject to attorney-client privilege, and seek disclosure of confidential business information or trade secrets.

In response, Plaintiffs contend that they are entitled to information such as Defendant's adjusting policies and procedures that were in place at the time of their loss. R. Doc. 18, 5-6. Further, Defendant's document retention policy is discoverable because Plaintiffs believe that there are documents which were not produced but are in the requested claim file. *Id.* at 7. The contested topics and their objections are listed below. During oral argument, the parties stated that the following requests are contested: Exhibit A (Nos. 1 and 5), and Exhibit B (Nos. 1, 2, 4, 12, 15, 18, 19, 20, 21, 22).[2]

**Topic A-1** requests a complete copy of the claim file regarding the subject property. R. Doc. 9-2, p. 4. During oral argument, counsel for Defendant stated that she has produced the claim file except for those portions that are privileged or confidential, including log notes that were created after she become involved in the case (April 24, 2015) and U.S. Forensic's building evaluation reports. Counsel also stated that she provided a privilege log for those items that she contends are privileged. In response, Plaintiffs' counsel stated that the provided privilege log is insufficient. *See* R. Doc. 12-4. p. 1.

The Court reviewed the privilege log and determined that it is unsatisfactory because it does not provide an adequate description of the files being withheld, dates, and identities of authors and recipients. The Court ordered Defendant's counsel to produce the documents for which she asserts a privilege to the Court for *in camera* review. Counsel produced a copy of the log notes report in open court. The Court also ordered Defendant's counsel to review the entire claim file to determine if any other documents exist, including the adjustor's notes and activities, to ensure that

---

[2] During oral argument, Plaintiffs' counsel withdrew their requests as to Topics B-1, B-15, B-17, B-18, B-19.

4

all documents in the claim file were either produced or withheld based on a privilege assertion. The Court further ordered Defendant's counsel to produce the building evaluation reports for which she claims privilege to the Court's e-file box.[3] Defendant timely produced the building evaluation reports on April 29, 2016.

The Court conducted an *in camera* review of the draft reports and concluded that the draft reports and discoverable and shall be produced. The Court reasoned that the reports were created by William Janowsky, who is Defendant's expert, and his determination that the cracked foundation was caused by differential movement is relevant to an issue in the litigation. Further, Janowsky is listed as a witness on Americas' witness list. *See* R. Doc. 32, p. 2. The Court also conducted an *in camera* review of the log notes report and determined that the reports are not privileged. Accordingly, Defendant shall produce a full, un-redacted copy of the log notes report and the draft reports of Janowsky.

**Topics A-5, B-2, B-12** all request a copy of Defendant's training and policy materials that were provided to its adjustors describing its procedure to evaluate claims. Defendant objects that the request seeks confidential information. R. Doc. 9-3, p. 1. Counsel for Plaintiffs stated that the training materials are relevant to its bad faith claim regarding whether Defendant's adjustor followed their policies and procedures to adjust their loss.

A copy of Defendant's claims adjusting policy was produced in open court and the Court conducted an *in camera review*. The Court concluded that the policy is relevant to the issue of whether the adjustor followed the company's policy in adjusting the subject loss. The Court ordered production of the Defendant's adjusting policy.

---

[3]Based on the privilege log, these draft reports are: (1) U.S. Forensic Building Evaluation of Draft Report Dated January 6, 2015; (2) U.S. Forensic Supplemental Building Evaluation Draft Report Dated February 13, 2015; and (3) U.S. Forensic Supplemental Building Evaluation Draft Report dated February 23, 2015.

**Topic B-4** seeks Defendant's document retention policy. Defendant objects that Plaintiffs fail to allege any claim arising out of Defendant's retention policy. During oral argument, counsel for Defendant stated that the retention policy is confidential. Plaintiffs argued that the document retention policy is discoverable because they believe that documents which were not produced or identified in discovery are in fact a part of Defendant's claim file. The Court ruled that the retention policy is not confidential and ordered its production.

**Topic B-20** seeks Defendant's policies reflecting authority granted to in-house adjusters to adjust claims and determine payment. R. Doc. 9-2, p. 9. During oral argument, counsel for Defendant stated that the request is protected by attorney-client privilege in the event that an adjustor spoke to an attorney regarding a claim. The Court overruled Defendant's counsel assertion of privilege finding that the assertion lacked a foundational basis because evidence was not provided that an adjustor spoke to an attorney regarding a claim. Accordingly, the Court ordered Defendant to produce its policies regarding authority granted to in-house adjustors to adjust claims and determinate payment.

**Topic B-21** seeks Defendant's policies and procedures that were in place at the time it canceled Plaintiffs' insurance, regarding cancellation and non-renewal of polices. The interrelated **Topic B-22** seeks information regarding Defendant's decision to cancel and/or not renew the Plaintiffs' insurance policy. Defendants object to the request and argues that it seeks trade secrets but nonetheless agreed to produce a witness to testify to the noticed topics. Plaintiffs' counsel stated that his requests are relevant to the claim that Defendant did not have a legitimate reason to cancel the insurance policy and that Plaintiffs are entitled to the documents that Defendant's relied upon to cancel the policy. The Court agreed and ordered Defendant to produce its policies and procedures regarding cancellation and/or non-renewal of insurance policies that were in place at

the time of cancelation of Plaintiffs' insurance and any document regarding Defendant's decision to cancel Plaintiffs' insurance policy.

### IV. Motion to Compel Answers to Interrogatories and Request for Production of Documents (R. Doc. 12)

The discovery requests that are the subject of Plaintiff's motion to compel seeks the same information as their challenged Notice of 30(b)(6) Deposition which was the subject Defendant's Motion for Protective Order (R. Doc. 9). Defendant asserts the same objections that were asserted previously. For brevity, this Order will note which Requests for Production corresponds to Topics that were the subject of the Court's previous rulings and the same orders apply. As stated by the parties during oral argument, the contested discovery requests are Interrogatory Nos. 5 and 7 and Request for Production Nos. 1, 6, 3, 10, and 22.

**Interrogatory Nos. 5 and 7** and **Request for Production No. 6** request information regarding Defendant's policies and procedures used to adjust Plaintiffs' loss. These requests correspond to Topic Nos. A-5, B-2, B-12 and the same ruling applies.

**Request for Production No. 1** seeks a complete copy of Plaintiffs' claim file. This request corresponds to Topic A-1 and the same ruling applies.

**Request for Production No. 3** requests a copy of Defendant underwriting file related to Plaintiffs' insurance policy or claim. R. Doc. 12-1, p. 6. Plaintiffs maintain that Defendant has failed to produce the full underwriting file. *Id.* at 22. Defendant states that it has acted in good faith when it originally produced the file. On April 12, 2016, Defendant produced additional documents that were not included in the original production and now believes that it has produced the entire underwriting file. R. Doc. 19, p. 13.

During oral argument, Plaintiffs' counsel stated that he is concerned that Defendant has not produced a full copy of the underwriting file. Counsel stated that on a number of occasions

7

Defendant's counsel has represented to him that the entire file has was produced only to receive additional documents later. Defendant's counsel stated that she has produced everything that is contained in the subject underwriting file. Counsel also stated that she was unaware of Defendant's internal process used to produce the underwriting file.

The Court ordered that in no later than **ten (10) days** from the signing of this Order Defendant's counsel should visit her client to educate herself on the process used to produce the underwriting file and whether a search of electronic communication was conducted relative to Plaintiffs' claim. Thereafter, Defendant's counsel shall produce responsive documents that were not produced previously and certify in writing that the entire claim file has been produced.

**Request for Production No. 10** seeks any documentation that involve reserves or "monetary authority" related to Plaintiffs' claim. R. Doc. 12-1, p. 7. This request corresponds to Topic No. 18 which was withdrawn by Plaintiffs' counsel during oral argument. Accordingly, this request is now moot.

**Request for Production No. 22** seeks any complaints that have been issued to Defendant by the Louisiana Department of Insurance and/or the Louisiana Insurance Commissioner. R. Doc. 12-1, p. 8. During oral argument, Plaintiffs' counsel withdrew this request. Accordingly, Plaintiffs' request regarding Request for Production No. 22 is moot.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Quash Deposition and Subpoena of William Janowsky, Jr., P.E. of U.S. Forensic, LLC and/or U.S. Forensic, LLC (R. Doc. 15)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion for Protective Order to Quash to Limit the Scope of 30(b)(6) Deposition of Americas Insurance Company (R. Doc. 9)** **DENIED in part** and **DENIED AS MOOT in part** as delineated below.

**IT IS DENIED** as to: **Topic A-1** and Defendant shall produce a full, un-redacted copy of the log notes report and the building evaluation reports of its expert, William Janowsky; **Topics A-5, B-2, B-12** and Defendant shall produce a copy of its training or policy materials used to adjust claims; **Topic B-4** and Defendant shall produce a copy of its document retention policy; **Topic B-20** and Defendant shall produce its policy regarding authority granted to in-house adjusters to adjust claims and determine payment; **Topic B-21** and Defendant shall produce its policies and procedures regarding cancellation and/or non-renewal of insurance policies that were in place at the time of cancellation of Plaintiffs' insurance; **Topic B-22** and Defendant shall produce documents regarding its decision to cancel and/or not renew Plaintiffs' insurance policy.

**IT IS DENIED AS MOOT** as to Topic Nos. B-1, B-15, B-17, B-18, B-19.

**IT IS FURTHER ORDERED** that the Defendant shall produce the above documents no later than **ten (10) days from the signing of this Order**.

**IT IS FURTHER ORDERED** that the Plaintiffs' **Motion to Compel Answers to Interrogatories and Request for Production of Documents (R. Doc. 12)** is **GRANTED in part** and **DENIED AS MOOT in part** as delineated below.

**IT IS GRANTED** as to: **Interrogatory Nos. 5 and 7** and **Request for Production No. 6** as these requests correspond to Topic Nos. A-5, B-2, B-12 and the same ruling applies; **Request for Production No. 1** as this request relates to Topic A-1 and the same ruling applies; **Request for Production No. 3** to the extent that in no later than **ten (10) days from the signing of this Order** Defendant's counsel should visit her client to educate herself on the process used to produce

9

the underwriting file and whether there was a search of electronic communication relative to Plaintiffs' claim. Thereafter, Defendant's counsel shall produce responsive documents that were not produced previously and certify in writing that the entire claim file has been produced.

**IT IS DENIED AS MOOT** as to **Request for Production Nos. 10 and 22**.

New Orleans, Louisiana, this 5th day of May 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**